ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I (DJ 2025-063A)

| | | |
|---|---|---|
| MOISÉS IBARRA GONZÁLEZ.<br><br>Recurrente,<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN,<br><br>Recurrida. | TA2026RA00171 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación.<br><br>Núm. confinado.: 6-66032.<br><br>Sobre: revisión administrativa. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 15 de mayo de 2026.

La parte recurrente presentó su recurso de revisión por derecho propio el 6 de abril de 2026[1]. En él, impugna la *Respuesta de la Planilla de Información Necesaria para Evaluar Candidatos* emitida el 23 de enero de 2026, notificada el 13 de marzo de 2026, por el Programa de Desvío del Departamento de Corrección y Rehabilitación. Mediante dos respuestas, se denegó la integración del recurrente a dos programas de desvío.

Por los fundamentos que exponemos a continuación, confirmamos la determinación recurrida.

I

Según surge del expediente ante nuestra consideración, el 10 de julio de 2025, el recurrente fue referido por el Comité de Clasificación y Tratamiento al Programa de Desvío[2]. El 23 de enero de 2026, notificada el 13 de marzo de 2026, la Coordinadora emitió una *Respuesta de la Planilla de Información Necesaria para Evaluar Candidatos*. En esta, determinó

---

[1] El mismo 6 de abril de 2026, el señor Ibarra González presentó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*, la cual fue declarada con lugar por este Tribunal el 16 de abril de 2026.

[2] Entrada 1 del *Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones* (SUMAC TA), Anejo VII, a la pág. 2.

denegarle al recurrente su integración al Programa de Pase Extendido con Monitoreo Electrónico. Razonó que el recurrente no cualificaba dado que cuenta con una reincidencia agravada por los Arts. 5.04 y 5.06 de la Ley de Armas. Señaló que, tanto la Ley Núm. 49 de 26 de mayo de 1995; el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011; y el Reglamento Núm. 9488 de 9 de agosto de 2023 excluyen el beneficio de programas de desvío a personas que tienen una reincidencia agravada.

El 1 de enero de 2026[3], la Coordinadora emitió otra *Respuesta de la Planilla de Información Necesaria para Evaluar Candidatos* concerniente al Programa de Religiosos y Seculares. Concluyó que el recurrente no cualificaba por existir una determinación de reincidencia agravada en virtud de las leyes antes citadas.

Inconforme, el señor Ibarra González instó este recurso, en el que plantea que el Departamento de Corrección y Rehabilitación erró al excluirlo de participar de los programas de "Pase Extendido con Monitoreo Electrónico" y de "Religiosos y Seculares".

El 6 de mayo de 2026, el Departamento de Corrección y Rehabilitación presentó su oposición, por conducto de la Oficina del Procurador General.

Con el beneficio de ambas comparecencias, resolvemos.

## II

### A

La norma reiterada es a los efectos de que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Debido a que

---

[3] Notificada el 13 de marzo de 2026.

toda sentencia o determinación administrativa está protegida por una presunción de corrección y validez, la parte que acude a este Tribunal de Apelaciones tiene el deber de colocar a este foro en posición de conceder el remedio solicitado. *Morán v. Martí,* 165 DPR 356, 366 (2005).

A su vez, el estándar de revisión judicial en materia de decisiones administrativas se circunscribe a determinar: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hechos de la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y, (3) si las conclusiones de derecho fueron correctas. *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010).

Así pues, como norma general, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Por ello, la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

De otra parte, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Vázquez, et al. v. DACo*, opinión de 21 de mayo de 2025, 2025 TSPR 56, a la pág. 28, 215 DPR ___; *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR, a la pág. 941. Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo de Puerto Rico, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria,

irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otro*, 206 DPR, a la pág. 819, que cita a *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

B

El Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, Plan de Reorganización Núm. 2-2011, 3 LPRA Ap. XVIII, declara política pública la creación de un sistema integrado de seguridad y administración correccional, en el cual las funciones y deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad, así como a la custodia de los ciudadanos que han sido encontrados incursos en la comisión de un delito o falta. 3 LPRA Ap. XVIII. Asimismo, se busca garantizar procesos de rehabilitación moral y social del miembro de la población correccional o transgresor, a fin de fomentar su reincorporación a la sociedad. *Íd.*

En lo pertinente a los programas de desvío, el Art. 16 del Plan de Reorganización Núm. 2-2011 dispone lo siguiente:

> El Secretario establecerá mediante reglamento los objetivos de cada programa de desvío, cómo habrán de operar, los criterios y condiciones para la concesión de dicho privilegio, así como también los criterios, condiciones y proceso que habrá de seguirse para la revocación del privilegio y administrará los programas de desvío donde las personas convictas puedan cumplir parte de su sentencia fuera de la institución correccional. La opinión de la víctima habrá de tomarse en consideración como uno de los criterios para conceder el privilegio de ubicar a un miembro de la población correccional en un programa de desvío. **No serán elegibles para participar en los programas de desvío establecidos por el Departamento las siguientes personas:**
>
> .     .     .     .     .     .     .     .
>
> c) **toda persona convicta por delito grave a la cual se le haya hecho una determinación de reincidencia agravada o reincidencia habitual de conformidad a las disposiciones del Código Penal de Puerto Rico de 2004**;
>
> .     .     .     .     .     .     .     .

3 LPRA Ap. XVIII, Art. 16. (Énfasis nuestro).

En consonancia con lo anterior, el *Reglamento del Programa Integral de Reinserción Comunitaria*, Reglamento Núm. 9488 de 9 de agosto de

2023, tiene como objetivo viabilizar un tratamiento de rehabilitación individualizado a los miembros de la población correccional. Este busca garantizar una adecuada reinserción a la comunidad, sin menoscabar la seguridad pública.

En particular, dicho reglamento reitera que no serán elegibles para participar en los programas de desvío establecidos por el Departamento de Corrección y Rehabilitación: "[t]oda persona convicta por delito grave a la cual se le haya hecho una determinación de reincidencia agravada o reincidencia habitual de conformidad a las disposiciones del Código Penal de Puerto Rico de 2004". Art. VIII del Reglamento Núm. 9488.

III

En el presente recurso, nos corresponde evaluar si el Departamento de Corrección y Rehabilitación incidió al denegarle al recurrente su integración a varios programas de desvíos. Veamos.

De entrada, puntualizamos que este Tribunal no puede sustituir el juicio o criterio del Programa de Desvío por el suyo, a menos que el ente administrativo haya actuado de manera arbitraria, ilegal, irrazonable o fuera del marco de los poderes que se le delegaron.

Surge del expediente que el señor Ibarra González fue sentenciado el 3 de febrero de 2003, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, por los delitos de asesinato en segundo grado, con reincidencia habitual y una pena de separación permanente de la sociedad mediante reclusión perpetua, concurrente con los casos LA2002G0307 y LA2002G0308. Se le imputó reincidencia agravada por violación a los Art. 5.04 y 5.06 de la derogada Ley Núm. 404-2000, según enmendada, Ley de Armas de Puerto Rico.

El 8 de abril de 2016, el señor Ibarra González fue re sentenciado y se dejó sin efecto la *Sentencia* dictada el 3 de febrero de 2003. En esta nueva sentencia, se le redujo la pena a noventa y nueve (99) años de cárcel, a cumplirse de forma concurrente con los casos de Ley Núm. 404-2000.

Por otro lado, la base sobre la cual se fundamenta la denegatoria de la Coordinadora es precisamente la existencia de una reincidencia agravada. Según indicamos anteriormente, el Plan de Reorganización Núm. 2-2011 y el Reglamento Núm. 9488 establecen claramente que las personas convictas por delito grave, a las cuales se les haya hecho una determinación de reincidencia agravada o reincidencia habitual, no podrán participar en los programas de desvío establecidos por el Departamento de Corrección y Rehabilitación.

Siendo ello así, concluimos que la agencia actuó correctamente al excluir al recurrente de participar de los programas de desvío, dado que cuenta con reincidencia agravada. En consecuencia, estamos impedidos de variar aquellas determinaciones de la agencia que resultan razonables y encuentren apoyo en el expediente. Por ello, procede confirmar la resolución recurrida.

IV

Por los fundamentos antes expuestos, **confirmamos** la determinación recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones